IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01006-GPG-CYC

ARTHUR WALKER,

    Plaintiff,

v.

LANKFORD,

    Defendant.

---

**RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Defendant Brandon Lankford moves to dismiss plaintiff Arthur Walker's excessive force and retaliation claims, contending that res judicata, otherwise known as claim preclusion, bars those claims. ECF No. 53. Because the excessive force and retaliation claims arise out of the same transaction alleged and dismissed with prejudice in one of the plaintiff's previous lawsuits, the Court recommends that the claims here again be dismissed with prejudice.

**BACKGROUND**

According to the Second Amended Complaint, whose allegations are taken as true for purposes of this motion, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the defendant, a correctional officer at the Buena Vista Correctional Facility, falsely charged the plaintiff with assault on a correctional officer on April 2, 2021. ECF No. 10 at 4-5. The plaintiff says that, in reality, he was the victim of the assault, and the defendant fabricated charges in retaliation for the plaintiff having sued the defendant's supervisor. *Id.* at 4. As a result, the plaintiff had to destroy

1

$1,000 worth of personal property and was sent to a maximum-security prison. *Id*. The plaintiff proceeded to trial on the charges the defendant brought, and a jury found him not guilty. *Id.* at 4.

In the meantime, the plaintiff brought the first of three lawsuits against the defendant in this Court, of which the Court can take judicial notice in evaluating this motion. *Johnson v. Spencer*, 950 F.3d 680, 704-06 (10th Cir. 2020). In *Walker v. Lankford*, No. 21-cv-01524-MEH ("*Walker I*"), the plaintiff alleged that on April 2, 2021, the defendant assaulted him in retaliation for a lawsuit against the defendant's supervisor. *Walker I*, ECF No. 8 at 4-5. But because the Prison Litigation Reform Act ("PLRA") "requires the exhaustion of administrative remedies before an incarcerated person may bring an action concerning prison conditions under 42 U.S.C. § 1983," and "the unrebutted evidence" indicated that the "[p]laintiff ha[d] failed to exhaust the required administrative remedies" then-Magistrate Judge Hegarty granted summary judgment to the defendant. *Walker I*, 2022 WL 375576, at *4, 6 (D. Colo. Feb. 8, 2022).

Five months later, the plaintiff returned. *Walker v. Lankford*, No. 22-cv-01711-NYW-MEH ("*Walker II*"), ECF No. 1. That action "relitigate[d] claims" from *Walker I*. *Walker II*, 2023 WL 11970605, at *1 (D. Colo. Apr. 6, 2023). It alleged again that on April 2, 2021, the defendant used excessive force against the plaintiff in violation of the Eighth Amendment in retaliation for the lawsuit against the defendant's supervisor. *Walker II*, ECF No. 1 at 3-4. Because, "as a matter of law, Plaintiff ha[d] failed to exhaust administrative remedies as required by the PLRA," Judge Hegarty recommended that the excessive force claim be dismissed with prejudice. *Walker II*, 2023 WL 11970605, at *5. The district judge adopted that recommendation. *Walker II*, 2023 WL 11970602 (D. Colo. Apr. 25, 2023). Final judgment therefore entered in favor of the defendant. *Walker II*, ECF No. 45.

A year later, the defendant filed his third lawsuit against the defendant. The original

2

complaint included other defendants and allegations relating to them. ECF No. 1. The defendant was granted *in forma pauperis* status, ECF No. 4, and, pursuant to its obligations under 28 U.S.C. § 1915A, the Court screened the complaint, ordering certain amendments, dismissing the other defendants, and leaving the allegations of the Second Amended Complaint described above as the operative ones here. ECF Nos. 5, 8, 10, 15, 17. This motion followed.

## ANALYSIS

The defendant seeks dismissal of the plaintiff's claims against him alleging retaliation and excessive force under a theory of res judicata. ECF No. 53. The motion was referred to the undersigned for a recommendation. ECF Nos. 63, 72.

A defendant may move to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[W]hen," as here, "all relevant facts are shown by the court's own records, of which the court takes notice, the defense" of res judicata "may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, 564 F. App'x 345, 347 (10th Cir. 2014) (unpublished) (quoting *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)); *see Johnson*, 950 F.3d at 705-06 & n.9.  "The federal courts have traditionally adhered to the . . . doctrine[ ] of res judicata." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). That doctrine, also known as "claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "[C]laim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *Id*. They exist here.

3

A final judgment, for example, previously entered. *Walker II*, ECF No. 46. The parties were the same there. *Compare* ECF No. 10 at 2, 4 (suing "Lankford, sargeant [sic] Buena Vista Correctional Facility" with supervisor "Tresch"), *with Walker II*, ECF No. 1 at 2, 6 (suing "Brandon Lankford, Correctional Officer Buena Vista Correctional Complex" with supervisor "Tresch"). The first two elements, then, are satisfied, and the plaintiff does not argue otherwise.

So is the third. "In this circuit, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Kahler v. Walmart, Inc.*, No. 22-1136, 2023 WL 18358, at *2 (10th Cir. Jan. 2, 2023) (unpublished) (internal quotation marks omitted). Under this "transactional approach," "a claim arising out of the same transaction, or series of connected transactions as a previous suit, which concluded in a valid and final judgment, will be precluded." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999) (internal quotation marks omitted). What constitutes the same transaction or series of transactions is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id*. Accordingly, "a new action will be permitted only where it raises *new and independent* claims, not part of the previous transaction, based on the new facts." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006). Here, both this case's claims and those in *Walker II* arise from the defendant's alleged April 2, 2021 assault on the plaintiff in retaliation for filing a grievance against the defendant's supervisor. As such, the plaintiff's excessive-force and retaliation claims arise from the same "transaction, event, or occurrence" as those he asserted in *Walker II*.

4

The plaintiff protests. Without elaboration, he avers that *Walker II* somehow differs from this case. ECF No. 58 at 1. Federal courts must construe *pro se* plaintiffs' pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers," though it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). So construed, the plaintiff could be arguing that because *Walker II* alleged retaliation by assault, ECF No. 58 at 12-13, whereas this case alleges retaliation by filing false charges related to that assault, *Walker II* cannot preclude the claims here. But while the plaintiff may not be "present[ing] the exact same *claims or legal theories* in both cases . . . that's not the test." *Nesmith v. Morse*, No. 22-cv-03276-LTB-GPG, 2023 WL 11922139, at *3 (D. Colo. Feb. 23, 2023), *recommendation adopted*, 2023 WL 11922140 (D. Colo. Mar. 23, 2023). "All that is required is that" the claims "arise 'out of the same transaction, or series of connected transactions as [the] previous suit.'" *Hatch*, 471 F.3d at 1151 (quoting *Yapp*, 186 F.3d at 1227) (alteration in *Hatch*). They do here.

Where, as here, all three res judicata elements are satisfied, the claim is precluded "unless the party seeking to avoid preclusion did not have a full and fair opportunity to litigate the claim in the prior suit." *MACTEC*, 427 F.3d at 831 (internal quotation marks omitted). "This narrow exception applies only where the requirements of due process were not afforded." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1243 (10th Cir. 2017). To determine such fairness, a court examines "any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties." *Nwosun v. Gen. Mills Rest., Inc.*, 124 F.3d 1255, 1257-58 (10th Cir. 1997).

There is no indication of any procedural deficiency in *Walker II* to indicate that the plaintiff was not afforded a full and fair opportunity to litigate his claims against the defendant

5

arising out of the April 2, 2021 incident. In that case, after an initial review, the plaintiff was provided an opportunity to amend his complaint but declined to do so. *Walker II*, ECF Nos. 6, 8, 9. Instead, he filed an "Order to Proceed," informing the court that he was declining to amend his complaint and instructing the court to "proceed." *Walker II*, ECF No. 9. Later, after the defendant filed his motion to dismiss in *Walker II*, the plaintiff did not initially file a response. Nevertheless, Judge Hegarty *sua sponte* afforded the plaintiff an opportunity to respond to the motion more than a month after the initial deadline. *Walker II*, ECF No. 39. The plaintiff eventually filed a response that Judge Hegarty considered in recommending dismissal. *Walker II*, ECF Nos. 41, 43. Specifically, after concluding that dismissal was appropriate for the plaintiff's failure to exhaust administrative remedies, Judge Hegarty recommended dismissal with prejudice because "[n]o amendment by Plaintiff would remedy this [deficiency] because AR 850-4(IV)(F)'s deadline for Plaintiff to file a Step 1 grievance regarding the alleged April 2, 2021 excessive force incident with Defendant has expired." *Walker II*, 2023 WL 11970605, at *5. The recommendation advised the plaintiff that he could object. *Id.* at *6 n.4. He did not and, after considering the recommendation, the district judge concluded that the law was correctly applied, adopted the recommendation, and dismissed the case with prejudice. *Walker II*, 2023 WL 11970602, at *1. The plaintiff therefore "had a full and fair opportunity to litigate the claim in the prior suit." *MACTEC*, 427 F.3d at 831.

Because the requisite elements of claim preclusion are satisfied, the plaintiff's excessive force and retaliation claims are barred. *See id*. The defendant does not seek dismissal of Claim One to the extent the plaintiff alleges malicious prosecution and that he was forced to destroy personal property, ECF No. 53 at 7 n.2, so those claims survive.

**CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS** granting Defendant's Motion To Dismiss the Second Amended Complaint, ECF No. 53, and dismissing the plaintiff's excessive force and retaliation claims. For the same reason Judge Hegarty recommended that the *Walker II* dismissal be with prejudice, *see Walker II*, 2023 WL 11970602, at *1 n.2, the Court also **RECOMMENDS** that dismissal be with prejudice here.[1]

It is hereby **ORDERED** that to the extent Defendant's Errata to Motion To Dismiss Second Amended Complaint, ECF No. 71, was filed as a motion and referred to the undersigned for consideration, ECF No. 72, it is **DENIED as moot**.

Respectfully submitted this 20th day of March, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>